WILSON TURNER KOSMO LLP
ROBERT A. SHIELDS (206042)
JASON M. AVELAR (312884)
402 West Broadway, Suite 1600
San Diego, California 92101
Telephone: (619) 236-9600
Facsimile: (619) 236-9669
E-mail: rshields@wilsonturnerkosmo.com
E-mail: javelar@wilsonturnerkosmo.com
E-mail: warrantyeservice@wilsonturnerkosmo.com

Attorneys for Defendant
FORD MOTOR COMPANY

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

| | |
|---|---|
| LORI SATZBERG and MICHAEL SATZBERG,<br><br>Plaintiffs,<br><br>v.<br><br>FORD MOTOR COMPANY; and DOES 1 through 100, inclusive,<br><br>Defendants. | Case No.  2:22-cv-1658<br><br>**DEFENDANT FORD MOTOR COMPANY'S NOTICE OF REMOVAL**<br><br>**[28 U.S.C. §§ 1331, 1332, 1441(a), 1446]**<br><br>Complaint Filed:  February 8, 2022 |

**TO THE CLERK OF THE ABOVE-ENTITLED COURT:**

PLEASE TAKE NOTICE that Defendant FORD MOTOR COMPANY ("Ford") by and through its counsel, Wilson Turner Kosmo LLP, hereby removes to this Court, pursuant to 28 U.S.C. Sections 1331, 1332, 1441(a), and 1446 the claims pending as Case No. 22VECV00200, in the Superior Court of California, County of Los Angeles. In support of this removal, Ford states as follows:

**I.   THE REMOVED CASE**

1.   The removed case is a civil action commenced in the Superior Court of California, County of Los Angeles by Plaintiffs LORI SATZBERG and MICHAEL SATZBERG ("Plaintiffs") against Ford, entitled *Lori Satzberg, et al v. Ford Motor Company* Case No. 22VECV00200 (the "State Action"). The only defendant named in this action is Ford. Plaintiffs originally filed the State Action on February 8, 2022 and

served Ford on February 11, 2022. (*See* Declaration of Jason M. Avelar ("Avelar Decl.", Ex. A.).

## II.     PROCEDURAL REQUIREMENTS

2. Ford has thirty (30) days from the date of service or receipt of a copy of the Complaint to remove a case. 28 U.S.C. § 1446(b). Ford was served with a copy of the original complaint on February 11, 2022, and the thirty (30) day deadline is March 14, 2022.[1] (*See* Avelar Decl. at Ex. A.) This Notice of Removal is therefore timely filed.

3. Pursuant to 28 U.S.C. § 1446(a), copies of all process and pleadings for the State Action in Ford's possession are contained in Exhibits A, and C to the Declaration of Jason M. Avelar, filed concurrently with this Notice.

4. Pursuant to 28 U.S.C. § 1446(a), venue is proper in the Central District of California because this is the district in which the State Action is pending.

5. Pursuant to 28 U.S.C. § 1446(d), a true and correct copy of this Notice of Removal will be filed with the Superior Court of California, County of San Bernardino, promptly after filing of the same in this Court.

6. Pursuant to 28 U.S.C. § 1446(d), written notice of filing of this Notice of Removal will be given to all parties promptly after the filing of the same in this Court.

7. If any question arises as to the propriety of the removal of this action, Ford requests the opportunity to conduct discovery, brief any disputed issues, and present oral argument in favor of its position that this case is properly removable.

8. Nothing in this Notice of Removal shall be interpreted as a waiver or relinquishment of Ford's right to assert defenses including, without limitation, the defenses of (i) lack of jurisdiction over person, (ii) improper venue, *forum non conveniens*, or both, (iii) insufficiency of process, (iv) insufficiency of service of process, (v) improper joinder of claims, parties, or both, (vi) failure to state a claim,

---

[1] Thirty days from the date of service is March 13, 2022. However, since March 13, 2022 is a Sunday, the deadline is extended to March 14, 2022. *See* Fed. R. Civ. Proc. 6(a)(1)(C).

(vii) failure to join indispensable parties, or (viii) any other procedural or substantive defense available under state or federal law.

## III. PLAINTIFFS ALLEGE A FEDERAL QUESTION

9. This Court has original jurisdiction over the matter pursuant to 28 U.S.C. § 1331 because it is a civil action that contains a federal question on its face.

10. The Complaint alleges, *inter alia*, two violations of the Magnuson-Moss Warranty Act, 15 U.S.C. § 2301, *et seq.*, regarding their 2018 EarthRoamer LTS, VIN 1FDOW5HT1HED87887. (*See* Avelar Decl. at Ex. A, ¶¶ 52-64.)

11. Pursuant to 15 U.S.C. 2310 "a consumer who is damaged by the failure of a supplier, warrantor, or service contractor to comply with any obligation under this title [15 U.S.C. § 2301 et seq.], or under a written warranty, implied warranty, or service contract, may bring suit for damages and other legal and equitable relief . . . in an appropriate district court of the United States." 15 U.S.C. 2310(d)(1)

12. The Magnuson-Moss Act requires that the amount in controversy equals or exceeds $50,000.00 for federal question jurisdiction. *See* 15 U.S.C. 2310(d)(3). Here, Plaintiffs allege the price of their vehicle is "approximately $500,000.00." Thus, the amount in controversy requirement is satisfied.

## IV. DIVERSITY JURISDICTION IS ALSO APPROPRIATE

13. The Court also has jurisdiction pursuant to 28 U.S.C. § 1332 because the amount in controversy exceeds $75,000.00 and the case is between citizens of different states.

14. Plaintiffs are and were at the time of the filing of the Complaint residents of California. (See Avelar Decl. at Ex. A, ¶ 1.) For purposes of removal based on diversity of citizenship, a plaintiff's state of residence is presumptively considered to be their state of citizenship. *See Bradley Min. Co. v. Boice*, 194 F.2d 80, 84 (9th Cir. 1951); *see also Adams v. W. Marine Prod., Inc.*, 958 F.3d 1216, 1221 (9th Cir. 2020).

15. Ford is, and was, at the time Plaintiffs commenced this action, a corporation organized under the laws of the State of Delaware with its principal place of business

in Michigan. This Court may take judicial notice of these facts. (*See* Avelar Decl. at Ex. B; *see also* Fed. R. Evid. § 201(b)(2) (court may judicially notice facts that "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned.").)

16. As previously stated, Plaintiffs allege the price of their vehicle is "approximately $500,000.00." Therefore, the amount in controversy requirement is satisfied.

17. Based on the foregoing, there is diversity of citizenship between Plaintiffs, California citizens, and Ford, a citizen of Michigan and Delaware and the amount in controversy is satisfied. Therefore, this Court has subject matter jurisdiction over this dispute under 28 U.S.C. § 1332.

## V. CONCLUSION

18. Consequently, the State Action may be removed to this Court by Ford in accordance with the provisions of 28 U.S.C. § 1441, *et seq.*, because: (1) there is federal question jurisdiction and (2) there is diversity jurisdiction because this action is a civil action pending within the jurisdiction of the United States District Court for the Central District of California, the action is between citizens of different states, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

WHEREFORE, Ford requests that the Court remove this Action from the Superior Court of California, County of San Bernardino, to this Court for all further proceedings.

Dated: March 14, 2022

**WILSON TURNER KOSMO LLP**

By: /s/ *Jason M. Avelar*
ROBERT A. SHIELDS
JASON M. AVELAR
Attorneys for Defendant
FORD MOTOR COMPANY