# EXHIBIT "A"

Electronically FILED by Superior Court of California, County of Los Angeles on 02/09/2022 05:39 PM Sherri R. Carter, Executive Officer/Clerk of Court, by A. Salcedo, Deputy Clerk

**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

**FOR COURT USE ONLY**
*(SOLO PARA USO DE LA CORTE)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
FORD MOTOR COMPANY and DOES 1 through 100, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
LORI SATZBERG and MICHAEL SATZBERG

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.

The name and address of the court is: *(El nombre y dirección de la corte es):*

Los Angeles Superior Court - Van Nuys Courthouse East
6230 Sylmar Ave,
Van Nuys, CA 91401

**CASE NUMBER:** *(Número del Caso):*

22VECV00200

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is: *(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

Mahrad Enayati, 453 S. Spring Street Suite 614 Los Angeles, CA 90013 (310) 571-8796

DATE: 02/09/2022
*(Fecha)*

Clerk, by Sherri R. Carter Executive Officer / Clerk of Court, Deputy
*(Secretario)* A. Salcedo *(Adjunto)*

(For proof of service of this summons, use Proof of Service of Summons *(form POS-010).)*
(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, *(POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☒ on behalf of (specify): FORD MOTOR COMPANY
   under: ☒ CCP 416.10 (corporation)      ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courts.ca.gov

**EXHIBIT A - 2**

Electronically FILED by Superior Court of California, County of Los Angeles on 02/08/2022 09:46 PM Sherri R. Carter, Executive Officer/Clerk of Court, by A. Salcedo,Deputy Clerk

1  Enayati Law P.C.
   Mahrad Enayati, Esq., SBN 331073
2  Telephone: (310)-571-8796
   453 S. Spring Street
3  Suite 614
   Los Angeles, CA 90013
4  Email: mahrad@enayatilaw.com

5  Attorney for Plaintiffs,
   Lori Satzberg and Michael Satzberg
6

7

8              SUPERIOR COURT OF THE STATE OF

9            CALIFORNIA FOR THE COUNTY OF LOS ANGELES

10
   LORI SATZBERG and MICHAEL            )   **CASE NO.**
11 SATZBERG,                            )
                  Plaintiffs,           )   [Unlimited Civil]
12     vs.                              )
   FORD MOTOR COMPANY; and DOES 1       )   COMPLAINT FOR:
13 through 100, inclusive,              )   (1) STRICT LIABILITY -
                  Defendants.           )   MANUFACTURING DEFECT;
14                                      )   (2) STRICT LIABILITY - DESIGN
                                        )   DEFECT;
15                                      )   (3) NEGLIGENCE;
                                        )   (4) BREACH OF
16                                      )   WRITTEN WARRANTY;
                                        )   (5) BREACH OF IMPLIED WARRANTY;
17                                      )   (6) NEGLIGENT INFLICTION OF
                                        )   EMOTIONAL DISTRESS;
18                                      )   (7) NEGLIGENT
                                        )   MISREPRESENTATION;
19                                      )
                                        )   (PUNITIVE DAMAGES)
20                                      )   {JURY TRIAL DEMANDED}
                                        )
21                                      )

22

23

24

25

26

27

28

1  NOW COMES Plaintiffs LORI SATZBERG and MICHAEL SATZBERG (hereinafter

2  "Plaintiffs") and for causes of action against FORD MOTOR COMPANY (hereinafter "Ford"), and

3  DOES 1 through 100 inclusive (collectively "Defendants"), alleges as follows:

**PARTIES**

1. Plaintiffs Lori Satzberg and Michael Satzberg are now, and at all times relevant to this action, individual adults residing in the City of Calabasas, County of Los Angeles, and State of California.

2. Ford is now, and at all times relevant to this action, a Delaware corporation, headquartered in Dearborn, Michigan, registered to do business in the State of California. Ford is engaged in the business of manufacturing, developing, designing, advertising, equipping, fabricating, inspecting, installing, shipping and distributing, among other things, motor vehicles (including, but not limited to trucks, parts and chassis, collectively "motor vehicle") for sale in the United States and specifically the State of California. Ford regularly and continuously engages in business within the County of Los Angeles and State of California

3. The true names and capacities of defendants sued as DOES 1-100, inclusive, are presently unknown to Plaintiffs. Plaintiffs are informed and believe, based upon such information and belief thereon alleges, that each such defendant is in some way responsible and liable for the events or happenings alleged in this Complaint. Plaintiffs will amend this Complaint to allege their true names and capacities when ascertained. Plaintiffs are informed and believe, based upon such information and belief thereon alleges, that at all times material herein each fictitiously named defendant, was either the true defendant or the agent and employee of each other defendant and in doing the things alleged herein, was acting within the scope and purpose of such agency and with the permission and consent of, and their actions were ratified by, the other defendants.

4. At all times herein mentioned, the true names and capacities, whether individual, corporate, governmental, associate or otherwise of Defendants DOES 1 through 100, inclusive, and

1  each of them, are unknown to Plaintiffs who is suing said Defendants by such fictitious names. Plaintiffs will ask leave of Court to amend this Complaint to show their true names and capacities when the same have been ascertained. Plaintiffs are informed and believe, and thereupon allege, that each of the Defendants designated herein as a DOE may be legally responsible and liable for general negligence, strict product liability, breach of express and implied warranties, negligent failure to warn, negligent infliction of emotional distress and misrepresentation/fraud or in some other actionable manner, for the injuries and damages hereinafter alleged.

5.  All acts of corporate employees as alleged were authorized or ratified by an officer, director or managing agent of the corporate employer.

**JURISDICTION AND VENUE**

6.  The Court has jurisdiction over this action pursuant to the California Constitution, Article VI, Section 10, which grants the superior court "original jurisdiction in all other causes" except those given by statute to other courts. The statutes under which this action is brought do not specify any other basis for jurisdiction.

7.  This Court has jurisdiction over Defendants, because, upon information and belief, Defendants are citizens of California, have sufficient minimum contacts in California, or otherwise intentionally avail themselves of the California market so as to render the exercise of jurisdiction over them by the California courts consistent with traditional notions of fair play and substantial justice.

8.  Venue is proper in this Court because, upon information and belief, Defendants maintain offices, have agents, and/or transact business in the State of California, County of Los Angeles. Plaintiff resides in the State of California and the majority of the acts and omissions alleged herein relating to Plaintiff took place in the State of California, County of Los Angeles.

9.  Venue is proper in the current court given that Plaintiffs are residents of Los Angeles County and operate and store the subject vehicle in Los Angeles County.

## FACTUAL ALLEGATIONS

10. On May 22, 2018, Plaintiffs purchased a new fully customized 2018 Earth Roamer LTS ("Subject Vehicle") constructed on a 2017 Ford F-550 chassis. The Subject Vehicle has a fair market value of approximately $500,000.00.

11. There are approximately two hundred and thirty (230) Earth Roamers that have been manufactured in the world, and there is regularly and currently a long wait list to have one built.

12. At all times herein mentioned, Plaintiffs were the operators of the Subject Vehicle which bares VIN:1FDOW5HT1HED87887 and Montana License Plate Number CCX840.

13. On June 11, 2020, Plaintiff Lori Satzberg was driving the Subject Vehicle on US Interstate 15, when suddenly and without warning the rear axle failed and broke.

14. As a direct result of the rear axle failure, Plaintiff Lori Satzberg lost control of the Subject Vehicle and struggled to get the Subject Vehicle to the shoulder of the highway.

15. Once Plaintiff Lori Satzberg was able to get Subject Vehicle to the shoulder, the Subject Vehicle shut down and became completely inoperable.

16. Plaintiffs contacted the closest Ford dealership located in St. George, Utah to service the Subject Vehicle, but were advised that the dealership was unable to fix it.

17. As a result, Plaintiffs were forced to have the Subject Vehicle towed to the next closest Ford dealership in Mesquite, Nevada ("Ford Dealership"), at Plaintiffs' expense.

18. Plaintiffs were initially told by the staff at the Ford Dealership that the Subject Vehicle would be repaired and ready for use in two (2) weeks, but for the next ten (10) weeks, the Subject Vehicle remained unrepaired sitting in the desert heat.

19. Plaintiffs called the Ford Dealership, Ford Customer Service and Ford Fleet Service ("Ford Agencies") on a weekly basis to check the status of the Subject Vehicle and on each such occasion, representatives of the Ford Agencies informed Plaintiffs that: (i) they were waiting on the delivery of the necessary parts in order for the Ford Dealership to fix the Subject Vehicle; and (ii)

- 4 -
COMPLAINT
EXHIBIT A - 6

said parts were delayed but could offer no explanation as to the cause of the delay. At the conclusion of each call, the Ford Agencies would provide a new estimated repair date that was two weeks later than the prior date.

20. The pattern of delay described above continued for a period of no less than ten (10) weeks.

21. Plaintiffs are informed and believe, and thereon allege, that there have been multiple accidents involving Ford F-550 trucks due to the faulty and defective rear axle.

22. The nature and circumstance surrounding the Subject Vehicle's rear axle failure is particularly concerning given that Ford advertises its Super Duty line of motor vehicles as its strongest, most durable and reliable vehicles. Specifically, these Ford motor vehicles are marketed to be used both commercially and personally for hauling, towing and off-roading. The Subject Vehicle clearly failed both the durability and reliability standards when it shut down and became completely inoperable.

23. Plaintiffs were unable to take possession of the Subject Vehicle in drivable condition until September 2020 and lost the opportunity to use the Subject Vehicle for the entirety of the summer of 2020 during a global pandemic.

24. When Plaintiffs were finally able to take possession, the Plaintiffs discovered that the Subject Vehicle had sustained significant interior and structural damage. Such damages included, but are not limited to, ripping and separation in sections of the leather seats, significant damage to custom wood accents throughout Subject Vehicle, broken skylight, broken shades on windows, and a broken main door (resulting in inability to retract steps).

### FIRST CAUSE OF ACTION

### (Strict Liability- Manufacturing Defect)

25. Plaintiffs incorporate by reference and hereby re-allege all paragraphs previously alleged herein.

26. Defendants, and each of them, designed, engineered, developed, manufactured, merchandized, fabricated, assembled, produced, tested, inspected, serviced, repaired, advertised, promoted, marketed, supplied, distributed, and sold the Subject Vehicle and its component parts and constituents, to be used as a motor vehicle and for other related activities.

27. Defendants, and each of them, knew that the Subject Vehicle was purchased and to be used without inspection for defects by Plaintiffs and the general public.

28. The Subject Vehicle contained a rear axle manufacturing defect when it left the control of the Defendants, thereby exposing the Plaintiffs, and all users of said product, to serious injuries and damages.

29. On or about June 11, 2020, Plaintiff Lori Satzberg used the Subject Vehicle for the purpose for which it was intended and in a reasonably foreseeable manner by driving it on a public roadway. As a direct result of the defect herein described, Plaintiff sustained emotional damages caused by her inability to control the Subject Vehicle due to the Subject Vehicle's rear axle failure.

30. As a legal and proximate result of the manufacturing defect of Defendants, and each of them, Plaintiff Lori Satzberg has sustained serious trauma and can no longer drive the Subject Vehicle for fear of the Subject Vehicle breaking down and causing an accident.

31. As a further direct and legal result of the manufacturing defect of Defendants, and each of them, Plaintiffs have incurred significant expenses associated with the accident and the inability to use the Subject Vehicle for the entirety of the 2020 Summer during a global pandemic.

32. WHEREFORE, Plaintiffs Michael and Lori Satzberg prays for judgment against Defendants, and each of them, as hereinafter set forth.

**SECOND CAUSE OF ACTION**

**(Strict Liability- Design Defect)**

33. Plaintiffs incorporate by reference and hereby re-allege all paragraphs previously alleged herein.

34. Defendants, and each of them, designed, engineered, developed, manufactured, merchandized, fabricated, assembled, produced, tested, inspected, serviced, repaired, advertised, promoted, marketed, supplied, distributed, and sold the Subject Vehicle and its component parts and constituents, to be used as a motor vehicle and for other related activities.

35. Defendants, and each of them, knew that the Subject Vehicle was purchased and to be used without inspection for defects by Plaintiffs and the general public.

36. The Subject Vehicle contained a rear axle design defect when it left the control of each of these Defendants, thereby exposing the users of said product to serious injuries and damages.

37. The defect in the Subject Vehicle caused it to fail to perform safely as an ordinary consumer would expect when used in an intended or reasonably foreseeable manner.

38. The risks inherent in the design of the Subject Vehicle significantly outweigh any benefits of such design.

39. On or about June 11, 2020, Plaintiff Lori Satzberg used the Subject Vehicle for the purpose for which it was intended and in a reasonably foreseeable manner by driving it on a public roadway. During the course and use and as a result of the defect herein described, Plaintiff sustained emotional damages caused by her inability to control the Subject Vehicle due to the Subject Vehicle's rear axle failure.

40. As a legal and proximate result of the design defect of Defendants, and each of them, Plaintiff Lori Satzberg has sustained serious trauma and can no longer drive the Subject Vehicle for fear of the Subject Vehicle breaking down and causing an accident.

41. As a further direct and legal result of the design defect of Defendants, and each of them, Plaintiffs have incurred significant expenses associated with the accident and the inability to use the Subject Vehicle for the entirety of the 2020 Summer during a global pandemic.


42. WHEREFORE, Plaintiffs Michael and Lori Satzberg prays for judgment against Defendants, and each of them, as hereinafter set forth.

### THIRD CAUSE OF ACTION

**(Negligence)**

43. Plaintiffs incorporate by reference and hereby re-allege all paragraphs previously alleged herein.

44. Defendants, and each of them, designed, engineered, developed, manufactured, merchandized, fabricated, assembled, produced, tested, inspected, serviced, repaired, advertised, promoted, marketed, supplied, distributed, and sold the Subject Vehicle and its component parts and constituents, to be used as a motor vehicle and for other related activities.

45. Defendants, and each of them, had a legal duty to exercise reasonable care in the design, engineering, development, manufacture, merchandizing, fabrication, assembly, production, testing, inspection, servicing, repair, advertising, promotion, marketing, supply, distribution, and sale of the Subject Vehicle it placed in the stream of commerce, including a duty to ensure that the rear axle was properly installed and would not fail while the Subject Vehicle was being operated.

46. Defendants, and each of them, knew or in the exercise of reasonable care should have known of the substantial dangers involved in the reasonably foreseeable use of the Subject Vehicle, whose defective design, manufacture, and lack of sufficient warnings caused it to have an unreasonably dangerous propensity for rear axle failure and render the vehicle inoperable.

47. Defendants, and each of them, failed to exercise reasonable care and were negligent in designing, engineering, developing, manufacturing, merchandizing, fabricating, assembling, producing, testing, inspecting, servicing, repairing, advertising, promoting, marketing, supplying, distributing, and selling the Subject Vehicle with a defective rear axle.

48. On or about June 11, 2020, Plaintiff Lori Satzberg used the Subject Vehicle for the purpose for which it was intended and in a reasonably foreseeable manner by driving it on a public

roadway. During the course and use and as a legal result of the negligence herein described, Plaintiff sustained emotional damages caused by her inability to control the Subject Vehicle due to the Subject Vehicle's rear axle failure.

49. As a legal and proximate result of the of Defendants' negligence, Plaintiff Lori Satzberg has sustained serious trauma and can no longer drive the Subject Vehicle for fear of the Subject Vehicle breaking down and causing an accident.

50. As a further direct and legal result of the design defect of Defendants, and each of them, Plaintiffs have incurred significant expenses associated with the accident and the inability to use the Subject Vehicle for the entirety of the 2020 Summer during a global pandemic.

51. WHEREFORE, Plaintiffs Michael and Lori Satzberg prays for judgment against Defendants, and each of them, as hereinafter set forth.

## FOURTH CAUSE OF ACTION

**(Breach of Written Warranty under the Magnuson-Moss Warranty-Federal Trade Commission Improvement Act)**

52. Plaintiffs incorporate by reference and hereby re-allege all paragraphs previously alleged herein.

53. Plaintiffs are "Consumers" as defined in the Magnuson-Moss Warranty Act (hereinafter referred to as the "Warranty Act") 15 U.S.C. 2301(3).

54. Ford is a "Supplier" and "Warrantor" as defined by the Warranty Act, 15 U.S.C. 2301(4), (5).

55. The Subject Vehicle is a "Consumer Product" as defined in the Warranty Act, 15 U.S.C. 2301(1).

56. Subject Vehicle was manufactured, sold, and purchased after July 4, 1975.

57. The express warranty given by Ford pertaining to the Subject Vehicle a "Written Warranty" as defined in the Warranty Act, 15 U.S.C. 2301(6).

58. Defendants' actions constitute a breach of the written warranties actionable under the Warrant Act, 15 U.S.C. 2310(d)(1), (2).

59. Plaintiffs have incurred and will continue to incur damages, costs and expenses, including attorneys' fees, as a result of Defendants' breach of the Warranty Act.

60. WHEREFORE, Plaintiffs Michael and Lori Satzberg prays for judgment against Defendants, and each of them, as hereinafter set forth.

## FIFTH CAUSE OF ACTION

**(Breach of Implied Warranty under Magnuson-Moss Warranty-Federal Trade Commission Improvement Act against All Defendants)**

61. Plaintiffs incorporate by reference and hereby re-allege all paragraphs previously alleged herein.

62. Defendants' actions constitute a breach of the implied warranties of merchantability actionable under the Warranty Act., 15 U.S.C. 2301(7), 2308, 2310(d)(1), (2).

63. Plaintiffs' have incurred and will continued to incur damages, costs and expenses, including attorneys' fees, as a result of Defendants' breach of the Warranty Act.

64. WHEREFORE, Plaintiffs Michael and Lori Satzberg prays for judgment against Defendants, and each of them, as hereinafter set forth.

## SIXTH CAUSE OF ACTION

**(Negligent Infliction of Emotional Distress)**

65. Plaintiffs incorporate by reference all paragraphs of this complaint, and repeat all allegations of said paragraphs, as though set forth here in full.

66. Plaintiff Lori Satzberg was involved in the subject accident and/or aftermath which was directly and proximately caused by the joint and several gross negligence, wantonness, willfulness, carelessness, recklessness, and unlawful activity of Defendants, and each of them, who

1 breached their duties to Plaintiffs as alleged herein. Plaintiff Lori Satzberg sustained psychological injuries as a direct and proximate result thereof.

67. As a direct and proximate result of the aforesaid acts and omissions by Defendants, and each of them, Plaintiff Lori Satzberg has suffered and will continue to suffer fear, shock, emotional injury, mental anguish, worry and anxiety.

68. WHEREFORE, Plaintiffs Michael and Lori Satzberg prays for judgment against Defendants, and each of them, as hereinafter set forth.

## SEVENTH CAUSE OF ACTION

**(Negligent Misrepresentation)**

69. Plaintiffs incorporate by reference all paragraphs of this complaint, and repeat all allegations of said paragraphs, as though set forth here in full.

70. Ford misrepresented the character and quality of the Ford F-550 through marketing and advertising such that it is strictly liable for damages caused by the Subject Vehicle pursuant to a cause of action consistent with Section 402B of the Restatement (Second) of Torts. The misrepresentations were of such a nature as to render Ford strictly liable for the injuries and damages to Plaintiffs. Ford engaged in the course of advertising, marketing, and promoting this line of vehicles, including the Ford F-550 in question. Ford made false representations that included express misrepresentations of material fact concerning the character and quality of the product and materials used in constructing the vehicle in question. Plaintiffs relied upon said false misrepresentations.

71. The misrepresentations were made through advertising, marketing, and promoting the product, the totality of which, taken as a whole, falsely misrepresented that the product was safe for use in a manner indicated by Ford to be suitable for consumers such as Plaintiffs.

72. WHEREFORE, Plaintiffs Michael and Lori Satzberg prays for judgment against Defendants, and each of them, as hereinafter set forth.

- 11 -
COMPLAINT

EXHIBIT A - 13

## PUNITIVE AND EXEMPLARY DAMAGES

73. Plaintiffs incorporate by reference all paragraphs of this complaint, and repeat all allegations of said paragraphs, as though set forth here in full.

74. At all times herein mentioned, Defendants, and each of them, designed, engineered developed, manufactured, merchandized, fabricated, assembled, produced, tested, inspected, serviced, repaired, advertised, promoted, marketed, supplied, distributed, and sold the Subject Vehicle and its component parts, a product which said Defendants knew to be dangerous and unsafe for the purpose for which they intended it to be used, namely, as a motor vehicle and other related activities.

75. As a legal and proximate result of the Defendants' conduct, Plaintiffs sustained the injuries and damages set forth above.

76. In doing the aforementioned things, Defendants, and each of them, acted with malice, oppression, fraud, and conscious disregard towards Plaintiffs and others, and Plaintiffs are therefore, entitled to recover exemplary or punitive damages in a sum according to proof, which would serve to punish Defendants and to deter wrongful conduct in the future.

## PRAYER

WHEREFORE, Plaintiffs pray for judgment against Defendants, FORD MOTOR COMPANY, and DOES 1 through 100 inclusive, and each of them, as follows:

1. For general damages according to proof;
2. For punitive and exemplary damages according to proof;
3. For special damages according to proof;
4. For economic damages according to proof;
5. For mental anguish according to proof;
6. For costs of suit incurred herein;
7. For interest on said judgment pursuant to law; and

8. For such other and further relief as the Court may deem just and proper.

Dated: February 8, 2022

ENAYATI LAW P.C.

By: _____

Mahrad Enayati, Esquire
Attorney for Plaintiffs, Lori Satzberg
and Michael Satzberg